**UNITED STATES DISTRICT COURT**
**District of New Jersey**

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

<u>**NOT FOR PUBLICATION**</u>

<u>LETTER OPINION</u>

March 20, 2009

Abraham S. Alter, Esq.
Langton & Alter
2096 St. Georges Avenue
Rahway, New Jersey 07065

Karla J. Gwinn, Esq.
Special Assistant United States Attorney
c/o Social Security Administration
Office of the General Counsel
26 Federal Plaza, Room 3904
New York, New York 10278

> Re:   <u>**Jeanette McCallum v. Commissioner of Social Security**</u>
>        **Civil Action No.: 08-3268 (JLL)**

Dear Counsel:

      Presently before this Court is Plaintiff Jeanette McCallum's Complaint seeking review of a final determination by the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits, pursuant to §§ 216(i) and 223 of the Social Security Act. The issue to be decided is whether the Commissioner's decision to deny Plaintiff's application for disability insurance benefits is supported by substantial evidence. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g). The Court has considered the submissions made in support of and in opposition to the instant appeal and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78.   For the reasons set forth below, this Court concludes that the Commissioner's determination is supported by substantial evidence and is hereby affirmed.

## I.    FACTS AND PROCEDURAL HISTORY

      Plaintiff alleged disability as of January 1, 1999. (R. at 13.) She filed a claim for supplemental social security income, which was denied on April 5, 2006. (<u>Id.</u>) Request for

reconsideration was also denied.  Id.  On December 5, 2007, a hearing was held before the ALJ. (Id.)  At that time, Plaintiff amended her onset date to November 8, 2005.  (Id.)  On December 19, 2007, ALJ James Andres ("ALJ") found Plaintiff Jeanette McCallum not disabled under § 1614(a)(3)(A) of the Social Security Act. (Id. at 18.)   Plaintiff subsequently appealed this decision.

At the time of the hearing, the Plaintiff was 56 years old with a high school education. (Id. at  137.)  Over a decade ago, Plaintiff was employed as a factory worker putting together books and magazines. (Id. at  138.)  Her job involved a combination of sitting and standing throughout the day and lifting no more than two pounds during the ordinary course of her work. (Id.)  She left her job in 1986 because she became pregnant with her daughter and needed to stay home and care for her. (Id. at 137-38.)  The record indicates that Plaintiff has not been employed since. (Id. at 16, 138.)

Plaintiff claims that she experiences pain in her hands and feet and has trouble holding things. (Id. at 139.)  She said that she also has kidney problems requiring frequent trips to the bathroom about every fifteen minutes. (Id. at 140-41.)  Plaintiff has asthma and uses an inhaler, which she said provides relief.  (Id. at 118.)  She smokes about ten cigarettes per day.  (Id.)  She has hypertension and arthritis, but was not taking any medication for either ailment as of the date of her consultative examination. (Id. at 118-19.)

Her daily activity consists of sometimes watching her grandchildren, although she needs her daughter's assistance with shopping. (Id. at 17.)  Plaintiff has been on general assistance, payment of which is dependent upon her attending classes to learn job related skills.  (Id. at 143-44.)  The program runs from Monday through Friday, with a time commitment of approximately thirty-two hours per week.  (Id. at 144.)

## II.    LEGAL STANDARD

### A.    Disability Defined

Under the Social Security Act, a claimant must demonstrate that he is disabled based on an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §1382c(a)(3)(A).  A person is disabled for these purposes "only if his physical or mental . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 1382c(a)(3)(B).

Social Security Regulations set forth the following five-step, sequential evaluation procedure to determine whether a claimant is disabled:

The sequential evaluation process is a series of five "steps" that we follow in a set

2

order. If we can find that you are disabled or not disabled at a step, we make our
determination or decision and we do not go on to the next step. If we cannot find
that you are disabled or not disabled at a step, we go on to the next step.  Before
we go from step three to step four, we assess your residual functional capacity.
(See paragraph (e) of this section.) We use this residual functional capacity
assessment at both step four and step five when we evaluate your claim at these
steps. These are the five steps we follow:

(I) At the first step, we consider your work activity, if any. If you are doing
substantial gainful activity, we will find that you are not disabled. (See paragraph
(b) of this section.)

(ii) At the second step, we consider the medical severity of your impairment(s). If
you do not have a severe medically determinable physical or mental impairment
that meets the duration requirement in § 404.1509, or a combination of
impairments that is severe and meets the duration requirement, we will find that
you are not disabled. (See paragraph (c) of this section.)

(iii) At the third step, we also consider the medical severity of your impairment(s).
If you have an impairment(s) that meets or equals one of our listings in appendix 1
of this subpart and meets the duration requirement, we will find that you are
disabled. (See paragraph (d) of this section.)

(iv) At the fourth step, we consider our assessment of your residual functional
capacity and your past relevant work. If you can still do your past relevant work,
we will find that you are not disabled. (See paragraph (f) of this section and §
404.1560(b).)

(v) At the fifth and last step, we consider our assessment of your residual
functional capacity and your age, education, and work experience to see if you can
make an adjustment to other work. If you can make an adjustment to other work,
we will find that you are not disabled. If you cannot make an adjustment to other
work, we will find that you are disabled. (See paragraph (g) of this section and §
404.1560(c).)

20 C.F.R. § 404.1520(a)(4).

**B.**   **Burdens of Proof**

The five-step sequential evaluation involves shifting burdens of proofs.  See Wallace v.
Sec'y of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983).  The claimant has the
burden of establishing at Step 1 that he has not engaged in "substantial gainful activity" since the
onset of the alleged disability, and at Step 2 that he suffers from a "severe impairment" or
"combination of impairments."  20 C.F.R. § 404.1520(a)-(c).  If the claimant establishes these

3

initial burdens, he must next demonstrate, at Step 3, that his impairment is equal to or exceeds one of the impairments listed in Appendix 1 of the regulations.  Id. at § 404.1520(d).  If he makes this showing, he is presumed disabled.  If he cannot show this, then at Step 4 he must show that his residual functioning capacity does not permit him to return to his previous line of work.  Id. at § 404.1520(e).  If the claimant cannot show this, then at Step 5, the burden shifts to the Commissioner to demonstrate that the claimant can perform other substantial gainful work.  Id. at § 404.1520(f).  Note that the burden only shifts to the Commissioner at Step 5; throughout Steps 1 through 4 the burden lies entirely with the claimant.  If the Commissioner cannot meet this burden, the claimant shall receive benefits.  "For each of the first four prongs, a finding of 'not disabled' will end the inquiry; otherwise the inquiry will proceed to the next level."  Alexander v. Shalala, 927 F. Supp. 785, 792 n.4 (D.N.J. 1995).

### C.    Standard of Review

"Substantial evidence" is the standard of proof in disability insurance benefit cases.  Substantial evidence is more than a "'mere scintilla' of evidence and 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence may be slightly less than a preponderance.  Hanusiewicz v. Bowen, 678 F. Supp. 474, 476 (D.N.J. 1988).  When an "[ALJ] is faced with conflicting evidence he must adequately explain in the record his reasons for rejecting or discrediting competent evidence."  Ogden v. Bowen, 677 F. Supp 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)).  An opinion regarding medical equivalence must be based on medical findings supported by medically acceptable clinical and diagnostic laboratory techniques.  See 20 C.F.R. §§404.1526(b), 404.1527.

The court has a duty to review the evidence in its totality and decide whether the Commissioner's determination was reasonable.  See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984).  The Commissioner has a duty to facilitate this review: "[w]here the [Commissioner] is faced with conflicting evidence, he must adequately explain in the record his reasons for rejecting or discrediting competent evidence."  Ogden, 677 F. Supp. at 278.  The court gives deference to the administrative decision, but has a duty nonetheless to scrutinize the entire record to determine whether the ALJ's findings are rational and supported by substantial evidence.  See Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  The court, however, is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder."  Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).

Under 42 USC § 423(d)(5)(A) and 20 CFR § 404.1529(b) a claimant's subjective symptoms *alone* cannot form the basis of a finding of disability.  The Commissioner will consider objective evidence from the application of medically acceptable clinical and laboratory diagnostic techniques.  See 20 CFR § 404.1529 (c)(2).  A claimant's subjective allegations of pain and other symptoms must be supported by objective medical evidence.  See  Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999).  Moreover, the ALJ will give significant weight to a claimant's subjective complaints and alleged functional limitations only when those limitations are supported by competent medical evidence.  See Schaudek v. Comm'r of Soc. Sec., 181 F.3d

4

429, 433 (3d Cir. 1999).  The ALJ may reject testimony of subjective complaints where it is not consistent with the medical evidence.  See Burns v. Barnhart, 312 F.3d 113, 130-31 (3d Cir. 2002).

In instances where objective medical evidence alone is insufficient to support a claimant's subjective allegations, the Commissioner may consider factors such as:

(i) Your daily activities;
(ii) The location, duration, frequency, and intensity of your pain or other symptoms;
(iii) Precipitating and aggravating factors;
(iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
(v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
(vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 CFR § 404.1529 (c)(3); see also SSR 97-7p.  The Commissioner may also consider whether there are any "inconsistencies in the evidence and the extent to which there are any conflicts between [the claimant's] statements and the rest of the evidence, including [the claimant's] history, the signs and laboratory findings, and statements by [the claimant's] treating or non-treating source or other persons about how [the claimant's] symptoms affect [the claimant].  20 CFR § 404.1529 (c)(4).

## III.  DISCUSSION

### A.  Summary of the ALJ's Findings

At Step 1, the ALJ found that Plaintiff had not engaged in substantial work activity since the date of disability. (R. at 15.)  At Step 2, the ALJ considered Plaintiff's asthma and hypertension and found that they have not significantly limited her ability to perform basic work activities during a consecutive 12 month period.  (Id.)  The ALJ determined that based on the evidence in the record, Plaintiff's medical condition could produce the alleged symptoms, but her statements about "the intensity, persistence and limiting effects of these symptoms were not entirely credible." (Id. at 17.)  Therefore, Plaintiff was found not disabled, because her impairments were determined not to be "severe" within the meaning of 20 CFR 416.921.  (Id. at 15.) Once there is a determination that a claimant is not disabled the ALJ is not required to proceed with the remaining steps in the analysis.  20 CFR § 416.920(a); see also, Alexander, 927 F. Supp. at 792 n.4.

In reaching this conclusion, the ALJ noted that Plaintiff was treated for her asthma and hypertension from February 2000 to November 2004. (R. at 17.)  Her treating physician, Dr. Babbar, however, indicated in the progress notes of her medical record that Plaintiff was able to work. (Id. at 90.)  In March 2006, Dr. K.C. Patel conducted a consultative exam and noted

5

Plaintiff's asthma, hypertension, and pain in her hands and lower extremities. (Id. at 17.) Although Plaintiff exhibited diminished breathing sounds, there was no wheezing or rales. (Id.) EKG, pulmonary function, and chest x-ray were normal. (Id. at 120.) Dr. Patel concluded that Plaintiff was not in acute distress; there was no localized tenderness and no palpable heaves or thrills. (Id. at 119.) Plaintiff had flexibility and dexterity in both hands; she was able to ambulate without an assistive device exhibiting a normal gait with no muscle weakness. (Id. at 119-120.)

The ALJ further noted that Plaintiff did not complain of frequent urination to Dr. Patel. (Id. at 17.) In fact, she denied it. (Id. at 119.) Finally, Plaintiff's blood pressure was borderline high as of the consultative exam, but Dr. Patel made no other remarks regarding same. (Id.)

**B.    Analysis**

Plaintiff's chief contention is that the ALJ erred at Step 2 by failing to find that Plaintiff suffers from a severe medically determinable impairment. (Br. in Supp. of Pltf. Jeanette McCallum, at 20 [hereinafter "Pltf.'s Br."].) Plaintiff correctly points out that Step 2 is designed to streamline the process by eliminating baseless claims early. See Bowen v. Yuckert, 482 U.S. 137, 153 (1987). This is precisely what has happened here.

At Step 2, the ALJ followed a bifurcated process where, first, he determined whether Plaintiff had any underlying impairments that could be ascertained through medically acceptable clinical and laboratory diagnostic techniques. (R. at 16.) The ALJ found that Plaintiff's asthma and hypertension could reasonably be expected to produce the alleged symptoms. (Id. at 17.) The ALJ then evaluated the intensity, persistence, and limiting effects of the impairments on the Plaintiff's ability to perform basic work activities. (Id.)

The medical record indicates that Plaintiff was treated for her asthma and hypertension from February 2000 through November 2004. (Id. at 87-102.) It does not, however, demonstrate that the impairments limit the Plaintiff's ability to perform basic work activities. In fact, Plaintiff's attorney stated to the ALJ that "it is no secret that [Plaintiff] ha[d] no medical treatment. Very little treatment before and no medical treatment currently. . . ." (Id. at 153.) Moreover, Dr. Babbar's notation in the progress notes indicates that Plaintiff was capable of working at least as of June 2004; this supports the ALJ's determination. (Id. at 90.)

The ALJ's opinion is also consistent with the findings of the consultative examiner, Dr. Patel. Dr. Patel found that Plaintiff was not in acute distress. She had a bilaterally symmetrical chest; there was no evidence of localized tenderness or palpable heaves or thrills. (Id. at 119.) Diagnostic tests, such as an EKG, pulmonary function and chest x-ray, revealed no abnormality.[1] (Id. at 120-23.)

The ALJ also considered Plaintiff's subjective complaints, particularly the allegation that her daily activities were limited by her hypertension and breathing problems. (Id. at 17.) These

---

[1] Plaintiff also argues that the ALJ did not consider her obesity, as required by SSR 00-3P. (Pltf.'s Br. at 20.) Plaintiff is 4 foot 11 and 159 pounds. (Id.) There is no evidence apparent in the record that obesity is a concern.

activities involved: taking care of her grandchildren, cooking, shopping, attending church, participating in social clubs, and attending school five days per week. (<u>Id.</u> at 38, 65, 67, 142, 144.) Plaintiff testified that she lived alone.  (<u>Id.</u> at 148.)  When Plaintiff's daughter visits with her, they spend the day talking, kidding around, cooking, cleaning and going places together. (<u>Id.</u> at 38.)

A claimant's subjective symptoms alone cannot form the basis for a finding of disability, and, therefore, must be supported by substantial evidence. <u>See</u> 42 USC § 423(d)(5)(A); 20 CFR § 404.1529(b); <u>see also</u> <u>Hartranft,</u> 181 F.3d at 362.  Here, the ALJ determined that Plaintiff's subjective complaints as to her asthma and hypertension were not supported by the medical record. <u>See</u> 20 CFR § 416.929; <u>see also,</u> SSR 96-7p; <u>Ogden,</u> 677 F. Supp at 278.  Plaintiff said she uses an inhaler, which provides relief for her asthma. (R. at 118.)  She also testified that she is not on any medication for hypertension. (<u>Id.</u> at 146.)  In fact, Plaintiff treated it herself with vinegar-water and by reducing her fried food and salt intake.  (<u>Id.</u> at 147.)

The allegations of pain in her knees and feet were also not substantiated by the record. (<u>Id.</u> at 17.)  Dr. Patel's examination did not reveal any edema, calf tenderness, or deformity and there was no range of motion difficulty.  (<u>Id.</u> at 119-20.)  The ALJ's finding that Plaintiff's complaints were not credible is further supported by fact that Plaintiff continued to drink beer twice a day at times and smoke despite any hypertension and asthmatic condition. (<u>Id.</u> at 17, 151.)

## IV.    CONCLUSION

In light of the foregoing, the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act was supported by substantial evidence. Therefore, the decision of the Commissioner is hereby affirmed.  An appropriate Order accompanies this Opinion.

DATED:  March 20, 2009                         /s/ Jose L. Linares_____
                                               JOSE L. LINARES,
                                               UNITED STATES DISTRICT JUDGE